Tommie W. TAYLOR et al., Plaintiffs,

v.

TELETYPE CORPORATION, Defendant, James Bibbs et al., Intervenors.

No. LR–C–77–65.

United States District Court, E. D. Arkansas, W. D.

June 27, 1980.

---

2. In plaintiff's amended complaint, the city is alleged to have improperly approved Mercantile's redevelopment plan, and improperly supervised Mercantile's actions. Such activities, even if true, do not transform the city into the condemnor. As this is an action for inverse condemnation, such allegations do not defeat the instant motion to dismiss. Whether a cause of action may be asserted against the city due to its alleged negligence under a different theory is not now before the Court, as no such theory has been alleged.

John T. Lavey, P. A. Hollingsworth, Janet Pulliam, Little Rock, Ark., for plaintiffs.

G. Ross Smith, James Moore, Little Rock, Ark., for defendant.

## OPINION

ARNOLD, Circuit Judge.

The remaining issues in this case will be considered in turn.

### I. Attorneys' fees.

John T. Lavey, who represents Tommie Taylor and Larry C. Peyton, individually and as class representatives, claims fees at the rate of $75 per hour and has worked 354.75 hours on this case. P. A. Hollingsworth, who represents the intervenors, individually and as class representatives, claims fees at the same rate and has worked 252.2 hours on the case. Mr. Hollingsworth's associate, Janet Pulliam, worked 24.8 hours on this case and asks compensation at the rate of $40 per hour. Finally, Ron Heller, a paralegal in Mr. Hollingsworth's office, has worked 65 hours and asks to be compensated at the rate of $15 per hour. The Court has considered the fee requests, the defendant's response, and the factors listed in Johnson v. Georgia Highway Express, 488 F.2d 714 (5th Cir. 1974).

This case has been litigated with a high degree of skill, and the attorneys for the plaintiffs and intervenors are experienced lawyers. Although there has been some duplication of effort due to the involvement of both Mr. Lavey and Mr. Hollingsworth, it was unavoidable in the Court's judgment. Parties are entitled to secure representation by the attorney of their choice, and although one lawyer could have represented both the plaintiffs and intervenors, that was not the choice of the clients. Both lawyers' efforts contributed materially to the result, and it is not unusual in a case of this length and complexity for one side to have two lawyers at trial.

The attorneys ask that the fees requested be enlarged by 25% because of the complexity of the case, the time invested, and the contingent nature of the case. This request is denied. In the Court's opinion, the fees which will be awarded will be adequate to compensate for these factors.

Mr. Lavey and Mr. Hollingsworth will be compensated at the rate of $75 per hour for in-court time and $50 per hour for out-of-court time. The Court finds these rates to be consistent with the hourly rates charged by attorneys of similar experience.

This case has required the investment of large blocks of time, and that investment should be taken into account. The Court has also taken into account the results achieved for the plaintiffs, the intervenors, and the class; although the moving parties were not successful on all issues, their efforts resulted in a finding of discrimination against some of the named parties and against the class for certain years, and the employer has been enjoined from further discrimination in violation of Title VII.

With these considerations in mind, and in an effort to achieve a result consistent with Brown v. Bathke, 588 F.2d 634, 637 (8th Cir. 1979) (counsel for prevailing parties should be compensated for all time reasonably expended on the matter), and Zoll v. Eastern Allamakee Community School Dist., 588 F.2d 246, 252 (8th Cir. 1978) (minimum award generally should be no less than the number of hours claimed multiplied by the attorney's regular hourly rate), the Court makes the following fee award:

*John T. Lavey.* The Court has reviewed the hours itemized by Mr. Lavey and finds them to be reasonable, with three exceptions. Mr. Lavey specifies 7.5 hours for each day of trial; the Court is of the opinion that six hours for each trial day would be more appropriate, and this modification in the fee request will be made. Second, Mr. Lavey has itemized 12 hours expended on December 8, 10, and 11, 1979, and January 9 and 10, 1980, in connection with the defendant's appeal, and those hours will be deleted. Third, 8.5 hours on January 21, 26 and 27, 1980, expended in preparation of affidavits for class members, will be deleted because neither side has yet prevailed with regard to those claims. With these changes, Mr. Lavey is entitled to the following fee award.

| | | | |
|---|---|---|---|
| Court time | 71.5 hrs. x $75 | = | $5,362.50 |
| Other time | 248.75 hrs. x $50 | = | 12,437.50 |
| Depositions | | | 1,249.25 |
| One-half fee for expert witness | | | 500.00 |
| Total fees and expenses | | | $19,549.25 |

*P. A. Hollingsworth.* Mr. Hollingsworth also claims 7.5 hours per day of trial, and this will be reduced to six. Additionally, 10.9 hours on December 7 and 10, 1979 and January 9, 10, 11, 12, 13, 14, and 15, 1980 attributable to the defendant's appeal will be deleted from the computation. Finally, 7.4 hours on December 11, 15, and 26, 1979, and January 2, 4, 5, and 7, 1980, expended in preparation of affidavits for class members, will be deleted. The Court has reviewed the hours claimed, and with these changes, the Court finds them to be reasonable. Mr. Hollingsworth is entitled to the following fee award:

| | | | |
|---|---|---|---|
| Court time | 71.5 hrs. x $75 | = | $5,362.50 |
| Other time | 139.4 hrs. x $50 | = | 6,970.00 |
| One-half fee for expert witness | | | 500.00 |
| Total, fees and expenses | | | $12,832.50 |

*Janet Pulliam.* Ms. Pulliam worked 24.8 hours on this case, but only four of those hours came after she became licensed to practice on August 20, 1979, and two of those four were spent in preparation of affidavits for class members. She will be compensated at the rate of $30 per hour for two hours, and at a paralegal rate, $10 per hour, for the other 20.8 hours. She is entitled to the following fee award:

| | | |
|---|---|---|
| 2 hrs. x $30 | = | 60.00 |
| 20.8 hrs. x $10 | = | 208.00 |
| Total: | | $268.00 |

*Ron Heller.* Mr. Heller worked 65 hours and claims reimbursement at the rate of $15 per hour. The Court believes that $10 per hour would be more appropriate, and the 8.5 hours spent giving assistance to class members will be subtracted. Other than these modifications, the hours claimed appear reasonable, and Mr. Hollingsworth's prevailing clients will be awarded $565.00 on Mr. Heller's behalf. This amount is an item of costs and should be considered as such rather than an attorneys' fee.

## II.  Back pay claims.

*Tommie W. Taylor.* On January 11, 1980, the Court found that Ms. Taylor would be entitled to what she would have earned at Teletype plus $2,850.91, minus her interim earnings in the amount of $34,487.54. This computation is accurate through November 2, 1979. Teletype has submitted a computation which shows that Ms. Taylor would have earned at Teletype through this date $54,687.16. Ms. Taylor has not challenged this calculation. Ms. Taylor does claim, however, that the back-pay award should include amounts she would have received as a member of the Bell System Employees Stock Ownership Plan; no claim for a specific amount of money or stock has been made, however, and the Court is unwilling to speculate on this element of relief. The claim relating to the stock ownership plan will therefore be denied. The Court finds that through November 2, 1979, Ms. Taylor is entitled to backpay in the amount of $23,050.53 ($54,687.16 plus $2,850.91 minus $34,487.54), and a judgment in this amount will be entered. The Court understands that Teletype has not offered reinstatement to Ms. Taylor, and its back-pay liability will continue to run until the date such an offer is made.

*James Bibbs and Joseph Harris.* In the Court's order of January 11, Teletype was directed to provide these intervenors with access to their pay records for the relevant periods of time. Teletype provided those records. Since that time, neither Mr. Bibbs nor Mr. Harris has challenged Teletype's claim that Harris is entitled to $949.60 and Bibbs $476.86. Judgment will be entered in these amounts.

*Larry C. Peyton.* The Court has considered the parties' conflicting submissions with respect to Mr. Peyton's entitlement to back pay, including the different methods of computing values that would have accrued to him under the Bell System Savings Plan. The Court finds that the method of computation suggested by defendant is reasonable and fair, with one exception. Mr. Peyton should not be charged with imputed interest at the rate of six per cent per annum in the amount of $484.26. Plaintiffs are not being awarded prejudgment interest on their claims, so prejudgment interest should not be taken into account in calculating the amount of mitigation that should reasonably have been achieved. The Court therefore awards to Mr. Peyton, for back pay through November 2, 1979, the sum of $663.22.

It may be helpful to describe the issues that this opinion does not decide. There remain pending 31 claims of class members, supported by affidavit, opposed in each case by defendant. The Court has examined the claims and oppositions and is unable to decide them without an evidentiary hearing. Issues of fact are raised that preclude disposition as on summary judgment. A hearing will therefore have to be set, probably by the United States District Judge who succeeds the undersigned, perhaps before a master. If the parties have views about the propriety of appointing a master to conduct such hearings, the Court would be happy to receive them. The attorney's fees that are awarded at this time do not include any time expended in connection with the Stage II claims. Whether plaintiffs are the prevailing parties with respect to these claims cannot be finally determined until the claims are adjudicated.

This Court has made a final disposition of all claims of the named plaintiffs and intervenors. The back-pay awards to Ms. Taylor and Mr. Peyton, it is true, have been computed only through November 2, 1979, and it is arguable that the amounts of these awards should be brought down to date before final judgment is entered. The better course, in this Court's opinion, is to delay no longer. An appeal by defendant, and perhaps by the losing plaintiffs, is highly likely. One appeal, by defendant from this Court's earlier order enjoining racial discrimination, is already pending, and a transcript of the trial has already been prepared. In this situation, if the judgment is affirmed, Ms. Taylor's and Mr. Peyton's back-pay awards will have to be recomputed anyway. If, on the other hand, the judgment is reversed, there will be no back-pay award to compute. In this situation, the Court finds, pursuant to Fed.R.Civ.P. 54(b), that it has made a final disposition of all of the individual claims, that there is no just reason for delay, and that the Clerk should enter judgment disposing of all of the claims of the named individuals. Such a judgment has been prepared and will be entered simultaneously with this opinion.

## JUDGMENT

This case having come on for trial to the Court on July 24, 25, 26, 27, 30, and August 1, 2, 3, 6, 7, 8, 9, and 10, 1979; all parties having rested; this Court having filed its opinion dated August 29, 1979, containing findings of fact and conclusions of law; the defendant's motion to amend and add findings of fact having been denied by order dated September 25, 1979; the Court having entered orders granting injunctive and individual relief on November 5, 1979, January 11, 1980, and June 27, 1980; and the Court being well and sufficiently advised in the premises,

It is by the Court this 27th day of June, 1980, CONSIDERED, ORDERED, ADJUDGED, and DECREED:

1. That the complaints of Virginia S. Burke, Bowman M. Burns, Jr., Cato Conley, Jr., Earl Jones, William James Walker, Godfrey Hill, Ike Bolden, Will Simmons, James Walters, Jr., Ray Jackson, Fred Donley, and Ray Kennard be, and they are hereby, dismissed with prejudice.

2. That the plaintiff Tommie W. Taylor have and recover of and from the defendant Teletype Corporation judgment in the amount of $23,050.53, representing back pay to and including November 2, 1979.

3. That the plaintiff Larry C. Peyton have and recover of and from the defendant Teletype Corporation judgment in the amount of $663.22, representing back pay to and including November 2, 1979.

4. That the intervenor James Bibbs have and recover of and from the defendant Teletype Corporation judgment in the amount of $476.86 representing back pay.

5. That the intervenor Joseph Harris have and recover of and from the defendant Teletype Corporation judgment in the amount of $949.60 representing back pay.

6. That the defendant Teletype Corporation be, and it is hereby, ordered and directed to offer reinstatement to the plaintiff Tommie W. Taylor to the position of 910 public relations representative or a comparable position, the comparability of another position to be judged according to pay, responsibility, the opportunity for creativity and independent judgment, advancement, and similar factors; and that plaintiff Taylor have and recover judgment of and from the defendant Teletype Corporation in whatever additional amount may be appropriate to make her whole for losses incurred between November 2, 1979, and the date she is offered the position of 910 public relations representative or a comparable position, this amount to be computed in accordance with submissions of the parties to be made at the appropriate time.

7. That the defendant Teletype Corporation be, and it is hereby, ordered and directed to offer reinstatement to the plaintiff Larry C. Peyton to the position of engineering associate; and that plaintiff Peyton have and recover judgment of and from defendant Teletype Corporation in whatever additional amount may be appropriate to make him whole for losses incurred between November 2, 1979, and the date he is offered the engineering associate position, this amount to be computed in accordance with submissions of the parties to be made at the appropriate time.

8. That the defendant Teletype Corporation, its agents, servants, and employees, be, and they are hereby, permanently enjoined and restrained from discriminating against any individual with regard to his or her compensation, terms, conditions, and privileges of employment, or in any other manner, because of such individual's race.

9. That the plaintiffs and the prevailing intervenors have and recover of and from the defendant Teletype Corporation in the amount of their costs expended in this action, including attorneys' fees, in the following amounts: for John T. Lavey, Esq., $19,549.25; for P. A. Hollingsworth, Esq., $12,832.50, plus $565.00 paralegal costs; and for Janet Pulliam, Esq., $268.00.

10. That all monetary awards bear interest at the rate of ten per centum per annum from and after the date of the entry of this judgment (except the award to be computed in the future under paragraphs 6 and 7 of this judgment), but with no addition for pre-judgment interest, since the fact and amount of defendant's liability could not be reasonably ascertained until this Court had ruled.

11. That this judgment is without prejudice to the rights of class members who filed claims during the period of time speci-

**410**

fied by the Court and who are not mentioned herein.

12. This judgment is a final disposition of the claims of all named plaintiffs and intervenors. There is no just reason for delay. The Clerk is directed to enter this judgment under Fed.R.Civ.P. 54(b).

For all of which let execution issue, at the time and in the manner provided by law.