**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1350EA

_____

|  |  |  |
|---|---|---|
| Little Rock School District and Pulaski County Special School District, | * * * * | |
| Appellees, | * * | On Appeal from the United States District Court |
| v. | * * * | for the Eastern District of Arkansas. |
| State of Arkansas, | * * | |
| Appellant. | * | |

_____

Submitted: July 14, 1997

Filed: October 14, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, HEANEY and WOLLMAN, Circuit
Judges.

_____

RICHARD S. ARNOLD, Chief Judge.


In 1994, the Little Rock School District (LRSD) and the Pulaski County Special School District (PCSSD) sought to enforce the terms of their settlement agreement with the Arkansas State Department of Education ("the State") in the Pulaski County school desegregation litigation. The District Court found that the State had broken the

settlement agreement in three respects:  the disbursement of funds for the districts' workers' compensation payments; the treatment of majority-to-minority students in calculating loss funding for the districts; and the implementation of  a statewide public school computer network.  The State appealed the District Court's order.  This Court affirmed the District Court's order with respect to the workers' compensation payment scheme and the calculation of loss funding.  We reversed the order with respect to the computer network.  The school districts filed a petition for rehearing, which was denied.

LRSD and PCSSD then applied to the District Court for successive extensions of the attorneys' fees deadline.  The motion for fees was originally due on January 27, 1995.  The school districts filed motions for, and the District Court approved, successive extensions to apply for fees.  PCSSD filed its motion for fees in the District Court on August 19, 1996.  LRSD filed its motion on August 30, 1996.  Both school districts' fee requests included expenses incurred in appellate litigation.

For at least part of the services rendered to each district, their lawyers had charged hourly rates lower than their normal rates as of August 1996.  PCSSD's motion showed that attorney Sam Jones's current and normal billing rate was $175 hourly, but that PCSSD had been charged $135 hourly during 1995 and 1996, and $110 hourly during 1994.  Attorney Claire Hancock's current and normal billing rate was $145 hourly, but PCSSD was charged $110 hourly.  Manager Angell Jones's current and normal billing rate was $75 hourly, but PCSSD was charged $55 hourly in 1994.  Similarly, LRSD attorney Chris Heller's current and normal rate was $160 hourly, but LRSD was charged $105 hourly for his services.  Attorney Clay Fendley's current and normal rate was $100 hourly, but LRSD was charged $85 hourly.

The District Court found that LRSD and PCSSD were entitled to fees as prevailing parties pursuant to 42 U.S.C. § 1988.  PCSSD was awarded $28,854.50, based on the lower rates that it was actually charged by its lawyers.  LRSD was

awarded $42,520.00 in attorneys' fees, based on the higher current and normal rates, as well as $563.32 in costs. The District Court later amended PCSSD's attorneys' fees award to $36,464.00, to reflect at least partially the attorneys' higher current and normal rates: it increased Sam Jones's compensable hourly rate to $160 and Claire Hancock's to $145.

The State appeals the award of attorneys' fees to the school districts on three grounds. First, it argues that LRSD and PCSSD were not entitled to attorneys' fees under 42 U.S.C. § 1988 because they were not prevailing parties and because enforcement of the settlement agreement is not a cause of action for which fee-shifting is provided. Second, it argues that LRSD's and PCSSD's failure to make a motion to this Court, pursuant to Eighth Circuit Rule 47C, precluded the District Court's award of attorneys' fees for services rendered on appeal. Third, it argues that the District Court erred in calculating the amount of the fee award by including time spent unsuccessfully defending against the appeal on the computer-network issue and by using the attorneys' current and normal rates.

For the most part, we agree with the District Court's decision. It correctly granted the motions for an award of fees and expenses. We think a few details should be worked out more precisely, however, and for that purpose we remand for further proceedings.

## I. Applicability of 42 U.S.C. § 1988

We reject the State's argument that 42 U.S.C. § 1988 does not provide for a fee award in this case, which involves the interpretation of a settlement agreement. To the contrary, where a settlement agreement serves to particularize the protections of the Equal Protection Clause of the Fourteenth Amendment, as applied to a specific case originally brought under § 1983, we hold that 42 U.S.C. § 1988 allows attorneys' fee awards to a prevailing party.

First, LRSD and PCSSD are prevailing parties within the meaning of 42 U.S.C. § 1988. LRSD was the original plaintiff in the interdistrict phase of the Pulaski County desegregation litigation. PCSSD, though a defendant, cross-claimed against the State. In response to their arguments, the District Court found that the State shared responsibility for the violation of Pulaski County's black students' constitutional rights. Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist. No. 1, 584 F. Supp. 328, 353 (E.D. Ark. 1984); Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist. No. 1, 597 F. Supp. 1220, 1228 (E.D. Ark. 1984), remanded by 778 F.2d 404 (8th Cir. 1985), cert. denied, 476 U.S. 1186 (1986). LRSD and PCSSD thus prevailed.

Despite the Joshua intervenors' subsequent involvement, the school districts' continued prevailing-party status was confirmed by the District Court in 1989. Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist. No. 1, 726 F. Supp. 1544, 1555 (E.D. Ark. 1989), rev'd in part, vacated in part on other grounds, 921 F.2d 1371 (8th Cir. 1990). The District Court found that "LRSD was the principal prevailing party ... [PCSSD] has cross-claimed against the State for recompense for constitutional violations in the same manner as the LRSD. ... PCSSD is also a prevailing party." Id. This holding is now the law of the case.[1]

Moreover, the payments sought by the districts will benefit the black schoolchildren of Pulaski County, because one of the purposes of the settlement agreement was to vindicate their rights. To disallow fee awards to the districts for vindicating the constitutional rights of these schoolchildren would wrongfully shift the State's burden to pay for remedial measures.

---

[1]Though this Court reversed the District Court's determination, based on their prevailing-party status, that the school districts should not pay attorneys' fees to the Joshua intervenors, it left undisturbed the District Court's finding of that status: "That LRSD and PCSSD may be prevailing parties with respect to their cross-claim against the State is not material for present purposes." Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist. No. 1, 921 F.2d 1371, 1392 (8th Cir. 1990).

Further, the fees and costs associated with enforcing the settlement agreement are compensable under 42 U.S.C. § 1988. The settlement agreement embodied "significant relief" to which the plaintiff class was constitutionally entitled. Little Rock School District v. Pulaski County Special School District No. 1, 921 F.2d at 1388. Enforcing the settlement agreement is the equivalent of enforcing a constitutionally required remedy. Because monitoring and enforcement are essential to desegregation remedies, a prevailing party may recover attorneys' fees and costs related to defending such a remedy: "Monitoring implementation of the remedy is a crucial part of the plaintiffs' function in these cases: 'Services devoted to reasonable monitoring of the court's decrees, both to ensure full compliance and to ensure that the plan is indeed working to desegregate the school system, are compensable services.' " Jenkins v. Missouri, 967 F.2d 1248, 1251 (8th Cir. 1992) (quoting Northcross v. Bd. of Education, 611 F.2d 624, 637 (6th Cir. 1979), cert. denied, 447 U.S. 911 (1980)).

The State argues that this case should be governed by DeGidio v. Pung, 920 F.2d 525 (8th Cir. 1990), which held that a prisoner could not in an independent action under § 1983 recover damages for the prison's violation of a consent decree entered against it in a previous class-action suit. Unlike the plaintiffs in DeGidio, LRSD and PCSSD did not file an independent action. They are seeking, by motion in the same case, to obtain specific performance of the very judgment they had won against the State. DeGidio thus does not bar the award of fees and costs to the school districts.

The settlement agreement marked the successful resolution of claims initially brought under 42 U.S.C. § 1983, by LRSD and PCSSD, among others, against the State. The school districts remain prevailing parties. Further, the interpretation and enforcement of the settlement agreement are an extension of the original § 1983 suit. The District Court was correct to determine that LRSD and PCSSD were entitled to attorneys' fees.

## II.  Attorneys' Fee Procedure in the Eighth Circuit

The State argues that Rule 47C of the Rules of this Court deprived the District Court of jurisdiction to award attorneys' fees for work performed in this Court.  Rule 47C provides:

> (a)  Motion for Fees.  A motion for attorney fees ... shall be filed with the clerk within 14 days after the entry of judgment. ... The court may grant on its own motion an allowance of reasonable attorney fees to a prevailing party.

> (b)  Determination of Fees.  On the court's own motion or at the request of the prevailing party, a motion for attorney fees may be remanded to the district court or administrative agency for appropriate hearing and determination. ...

The usual practice for awarding fees and costs under 42 U.S.C. § 1988 is for this Court to fix the compensation for services rendered before it, and for the District Court to do so for services rendered before it.  <u>Avalon Cinema Corp. v. Thompson</u>, 689 F.2d 137, 138 (8th Cir. 1982) (en banc).  The policy behind Rule 47C is that fee awards should be determined by the court most familiar with the legal services in question.  In this case, as in any other before this Court, the plaintiffs should have filed a motion to this Court for fees incurred on appeal.  If they had done so, we could have remanded the matter to the District Court for its determination; but we probably would have kept the motion here and decided it ourselves.

However, Rule 47C cannot and does not affect the jurisdiction of the district courts.  The jurisdiction of the federal district courts is conferred by Congress.  See 28 U.S.C. §§ 1331-1390.  Rule 47C is a rule of procedure for the Court of Appeals and does not alter this grant of jurisdiction.  Therefore, despite our local rule, the district courts retain jurisdiction to decide attorneys' fees issues that we have not ourselves

undertaken to decide. The District Court has awarded attorneys' fees for services rendered before the United States Supreme Court, reasoning that the Supreme Court had lost jurisdiction, and, in any event, would have been unlikely to undertake the intensive fact-finding necessary in such matters. Vaughn v. Westinghouse Elec. Corp., 526 F. Supp. 1165, 1169 (E.D. Ark. 1981).[2] Such discretionary and practical considerations continue to be relevant to a district court's decision whether to grant a motion for attorneys' fees for services before an appellate court.

Rule 47C's own language indicates that it is not a rigid jurisdictional rule. First, this Court has the power to grant attorneys' fees on its own motion. 8th Cir. R. 47C(a). Second, whether the fee award is on its own motion or that of the party seeking compensation, this Court retains the discretion to remand the question to the District Court, instead of determining the award itself. 8th Cir. R. 47C(b). The Rule thus preserves multiple procedural options for the determination of attorneys' fees.

The choice of procedure should not obscure the end goal: calculation of a fair award. It would be mere procedural contortion to reverse the District Court's award only to award fees to the school districts on our own motion, which we would be inclined to do rather than allow services necessary to enforce the settlement agreement to go uncompensated. Therefore, we hold that the District Court had jurisdiction to make the award, and we review its amount for abuse of discretion. See Winter v. Cerro Gordo County Conservation Bd., 925 F.2d 1069, 1073 (8th Cir. 1991).

### III. Amount of Award

The first issue in reviewing the amount of the award is whether the time that LRSD's and PCSSD's attorneys spent defending the School Board's appeal is fully

---

[2]Though Rule 47C was not then in existence, the preferred practice was for the appellate court to decide appellate fee awards. See Vaughn, 526 F. Supp. at 1168.

compensable. The State challenges the inclusion of time spent unsuccessfully defending the appeal on the issue of the State's computer network and subsequently petitioning this Court for rehearing.

"Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." Hensley v. Eckerhart, 461 U.S. 424, 440 (1983). The issues on appeal before this court were distinct, and the school districts' failure on the computer network issue was distinct from its success on other issues. The amount of time spent defending the appeal on that issue, and preparing the petition for rehearing, should be excluded from the fee award.

The second issue is whether the fee award to each school district should be based on the rates each actually paid its lawyers at the time of litigation, or the lawyers' current and normal rates at the time of the fee request. As a general rule, 42 U.S.C. § 1988 provides compensation for civil-rights litigation, not a windfall for the plaintiffs or their lawyers. See Hensley, 461 U.S. at 430 n.4. The District Court's order does not explain why it used the higher current and normal rates in its calculation of the awards.

If the District Court used the higher rates to compensate the school districts for delayed payment, the awards should be recalculated using the actual rates. The statute does allow compensation based on current rates for past services when payment of attorneys' fees is delayed. Missouri v. Jenkins, 491 U.S. 274, 283-284 (1989). But in this case the passage of time was short. Moreover, the delays in awarding fees were due to the school districts' own requests for extensions: from January 27, 1995, to February 17, 1995; to May 29,1996; to June 28, 1996; to August 19, 1996; and for LRSD, to August 30, 1996. The school districts should not be compensated for the short delay in payment that resulted from their own actions.

On the other hand, the higher rates may have been used because they were actually in effect at the time that the school districts' lawyers provided the services. This would be the case if the school districts and their lawyers had contracted for discounted rates. To the extent that the use of higher rates in the fee calculation reflects such an arrangement, we are bound to accept the higher award, according to our decision in <u>Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist. No. 1</u>, 959 F.2d 716 (8th Cir. 1992). In that case, also arising out of this litigation, we upheld an award of attorneys' fees to LRSD based on prevailing rates, even though LRSD had received services at a discounted rate.

We would like the District Court to explain its reasoning for using the higher hourly rate. We therefore vacate the order and remand for further proceedings. The awards should be reduced to exclude the hours spent on the computer-network issue. The District Court should determine whether LRSD and PCSSD contracted for discounted rates. If so, the higher rates can be upheld under the authority of our 1992 decision cited above. We agree with the District Court's decision to include time spent by the school districts on their cross-appeals, as well as its determination of costs. We also instruct LRSD and PCSSD to apply to this Court for attorneys' fees related to this appeal.

The order of the District Court is vacated, and the cause remanded for further proceedings consistent with this opinion.

A true copy.

Attest:

                CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.