A. C. SHERRILL, Plaintiff, and Robert H. Costner, Robert Lee Brooks and Paul McLean, Plaintiff-Intervenors,

v.

J. P. STEVENS AND COMPANY, INC., Defendant.

No. C–C–73–12.

United States District Court, W. D. North Carolina, Charlotte Division.

Dec. 9, 1977.

J. LeVonne Chambers, Chambers, Stein, Ferguson & Becton, Charlotte, N.C., Conrad O. Pearson, Durham, N.C., Jack Greenburg and William L. Robinson, New York City, for plaintiffs.

Brown Hill Boswell and W. S. Blakeney, Blakeney, Alexander & Machen, Charlotte, N.C., for defendant.

## ORDER

McMILLAN, District Judge.

On May 12, 1977, plaintiffs moved for an interim award of attorneys' fees under 42 U.S.C. § 1988. Thereafter, on July 5, 1977, the case was referred to a special master for determination of the amount of back pay and interest due to plaintiffs, intervenors, and class members.

Before decision of the motion for fees the back pay proceedings before the master were settled. On September 30, 1977, plaintiffs filed a supplemental affidavit setting out additional services rendered and costs incurred since the date of the original motion. Plaintiffs' motion, as thus supplemented, will be treated as a motion for final award of fees. On October 12, 1977, the court conferred with counsel for all parties on the matter of fees, and unsuccessfully tried to get that question settled also. The motion is now ready for decision.

## I.

The suit was filed in January, 1973, as a class action, claiming race discrimination in employment in violation of Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 2000e et seq., and of 42 U.S.C. § 1981. It is appropriate to award attorneys' fees to the prevailing party in accordance with the policy established by Congress in such cases, 42 U.S.C. § 2000e–5(k) and 42 U.S.C. § 1988.

Proceedings are now substantially completed. Plaintiffs succeeded in establishing defendant's liability after a sharply contested trial on the merits; the injunctive relief which plaintiffs sought has been granted; substantial changes in defendant's practices were directed; back pay for employees entitled to it has been obtained; the District Court's findings of fact and conclusions of law were affirmed by the Fourth Circuit Court of Appeals, 551 F.2d 308 (1977); defendant's request for rehearing en banc was denied. Beyond any question, plaintiffs are the "prevailing party."

Plaintiffs' attorneys have not received any fees from their clients; they have been reimbursed for only part of their costs and expenses by the NAACP Legal Defense & Education Fund, an amount that they are obligated to repay.

An award of attorneys' fees is now appropriate.

## II.

Factors to be considered in determining the amount of a fee award have been discussed in many cases, including *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), and *Swann v. Charlotte-Mecklenburg Board of Education,* 66 F.R.D. 483 (W.D.N.C.1975), both of which cases are cited with approval in Senate Report No. 94–1011, U.S.Code Cong. & Admin.News 1976, p. 6338, the report from the Judiciary Committee on what was to

become 42 U.S.C. § 1988. These factors include:

1. *Results obtained*:—Plaintiffs have obtained substantial relief for the black employees at defendant's Stanley facilities. Plaintiff and plaintiff-intervenors have been ordered reinstated as have two other class members, and defendants have been ordered to make changes in procedures and policies to insure that black employees are free to transfer to other departments and to receive promotions on the same basis as white employees and without suffering from the effects of past discrimination. All back pay claims have been settled.

2. *The difficulty and novelty of the case*:—The case did not present novel questions of law, but it did involve the organization and presentation of a great quantity of information. In addition, the defendant is noted for its indefatigable defense of cases involving labor, and its vigorous defense of this case was in keeping with its reputation.

3. *Fees paid to opposing counsel*:—Although there is nothing in the record on this subject, I am informed that defendant's counsel is on a "once-a-year" billing basis, and is not paid on a case by case or hourly basis.

4. *Time and labor involved*:—Plaintiffs' attorneys have submitted affidavits which show that through September 28, 1977, they have invested 1,344.7 hours of attorney time and 589 hours of paralegal time. The time spent by the attorneys was not unreasonable considering the nature of the case. It was not clerical work or work that could just as well have been done by a paralegal. The work done by paralegals was not superfluous; the largest portion of their time was spent analyzing defendant's personnel records.

5. *Loss of other business*:—Any case which requires a commitment of over 1,300 lawyer hours over a period of four and one-half years is bound to restrict the work a law firm can do for other clients.

6. *Fees customarily charged for similar cases*:—The parties have cited employment discrimination cases in which fee awards have ranged from $20 per hour to $100 per hour. According to the affidavits, Mr. Chambers and Mr. Belton customarily charge $75 an hour for their services; Mr. Wallas customarily charges $60 an hour; and Mr. LeSesne customarily charges $55 an hour. It is usual for competent attorneys in this part of the country to charge $50 an hour or more for their services.

7. *Fixed or contingent fee*:—Counsel for plaintiffs accepted this case on a contingent basis. If plaintiffs had lost, their attorneys would have been paid nothing beyond reimbursement for some out-of-pocket expenses. This fact does not, however, eliminate the attorneys' entitlement to a fee award. *See Swann v. Charlotte-Mecklenburg Board of Education*, 66 F.R.D. at 486.

8. *The undesirability of the case*:—This case was accepted on a contingent fee basis; it promised to span several years before counsel could be compensated at all; and it required counsel to sue adversaries known for their persistent and vigorous defense of cases involving labor. *See, e.g., NLRB v. J. P. Stevens & Co.*, 563 F.2d 8 (2nd Cir., 1977) (approving idea of compliance fines to secure obedience by Stevens to several outstanding court orders); *NLRB v. J. P. Stevens & Co.*, 538 F.2d 1152 (5th Cir. 1976) (holding Stevens in civil contempt for violating a court order that it bargain in good faith with its employees as required by the National Labor Relations Act); *NLRB v. J. P. Stevens & Co.*, 464 F.2d 1326 (2nd Cir. 1972) (holding Stevens in civil contempt for failure to comply with Court of Appeals order affirming NLRB enforcement of the National Labor Relations Act); and *J. P. Stevens & Co. v. NLRB*, 417 F.2d 533 (5th Cir. 1969) (finding repeated violations of National Labor Relations Act).

These factors made this case very undesirable. Few competent and experienced lawyers would have been willing to make the sacrifices required to pursue it.

9. *Reputation, experience and ability of plaintiffs' counsel*:—Plaintiffs' counsel are all exceptional in this regard. They have successfully litigated numerous employment

discrimination and other civil rights cases including many landmark cases.

10. *Expenses and advancements*:— Plaintiffs' attorneys have directly expended on this case $7,646.76 through September 28, 1977, excluding photography costs for their brief on appeal. Payment has been advanced for some of these costs by the NAACP Legal Defense & Education Fund, a non-profit corporation. Plaintiffs are obligated to repay these advances.

11. *Cost of operating a law business*:—No data were supplied as to the modern cost of operating a law office, but it must be borne in mind that rent, salaries, license fees, books, business equipment, travel and other expenses are large these days; that those items have to be paid out of "fees" before the lawyers can start paying themselves and the income tax collectors; and that the fees herein awarded are *not* "net profits" to the recipients.

In light of the foregoing considerations, compensation, on the basis of time alone, of $75 per hour for the time spent by Julius Chambers and Robert Belton, $60 per hour for the time spent by Jonathan Wallas, $55 per hour for the time spent by Louis LeSesne, and $15 per hour for paralegal time would be reasonable.

12. *Incentive bonus*:—As indicated in Senate Report No. 94–1011, *supra,* the purpose of awarding attorneys' fees is to attract competent counsel in order to insure full enforcement of federal civil rights litigation. In cases such as employment discrimination cases in which the level of commitment is particularly great because of the protracted nature of the type of litigation, an extra incentive award may be appropriate. *See, e.g., Parker v. Matthews,* 411 F.Supp. 1059, 1068–9 (D.D.C.1976).

Taking all the foregoing into account, plaintiffs are entitled to their expenses of $7,646.76, and to paralegal expense of $8,800.00, and to attorneys' fees of $94,200.00, all of which I find to be reasonable and earned.

IT IS THEREFORE ORDERED that defendants remit to counsel for plaintiffs the sum of $110,646.76.