496 F.Supp. 215 (1980)
Charles DEPENDAHL et al., Plaintiffs,
v.
FALSTAFF BREWING CORPORATION et al., Defendants.
John C. CALHOUN, Plaintiff,
v.
FALSTAFF BREWING CORPORATION et al., Defendants.
Nos. 75-701C(2), 76-24C(2).
United States District Court, E. D. Missouri, E. D.
August 28, 1980.
*216 Harry B. Wilson, Carroll J. Donohue, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, Mo., for plaintiffs.
Theodore F. Schwartz, St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, District Judge.
This case is now before the Court on the issue of plaintiffs' application for attorneys' fees. Plaintiffs brought these suits alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, as well as several common law counts. After a trial before this Court sitting without a jury, plaintiffs were awarded substantial equitable and monetary relief. See Order and Memorandum of June 9, 1980.
*217 This case was referred to the Honorable David D. Noce, United States Magistrate, for an initial evidentiary hearing on this application. This Court has considered the record developed before him, his report and recommendation, and the parties' objections thereto. The following shall constitute this Court's findings of fact and conclusions of law on the issue of attorneys' fees.
Under § 502(g) of ERISA, 29 U.S. C.A. § 1132(g), the Court may, in its discretion, allow a reasonable attorneys' fee to the prevailing party. Such an award is unquestionably warranted in this case. Furthermore, plaintiffs are also entitled to an award of attorneys' fees for all efforts expended in attempts to obtain answers to interrogatories, pursuant to this Court's Order of December 10, 1979.
The Fifth Circuit Court of Appeals enumerated various factors which are relevant to an award of attorneys' fees in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). These factors have been adopted by the Eighth Circuit in the civil rights context, Crain v. City of Mountain Home, Ark., 611 F.2d 726 (8th Cir. 1979), in Title VII cases, Allen v. Amalgamated Transit Union, 554 F.2d 876 (8th Cir. 1977), and in age discrimination cases, Cleverly v. Western Electric Co., Inc., 594 F.2d 638 (8th Cir. 1979). This Court also believes these factors are appropriately considered in the context of an ERISA case, Carter v. Montgomery Ward & Co., 76 F.R.D. 565 (E.D.Tenn.1977). Under the Johnson analysis, the award should generally not be less than the reasonable number of hours worked times a reasonable hourly fee. Zoll v. Eastern Allamakee Community Sch. Dist., 588 F.2d 246 (8th Cir. 1978); Cleverly, supra.
This litigation has now consumed well over four years, and plaintiffs' attorneys have expended an enormous amount of time on it. Defendants object to numerous portions of the time spent, but this Court can not conclude that the time for which compensation is now sought was not reasonably spent. The small proportion of this time which related to other litigations concerning the same facts as these cases need not be excluded. These efforts in following related litigations were not unreasonably expended  plaintiffs' attorneys could not be expected to divorce themselves from related litigations involving plaintiffs, the outcome of which could substantially affect the instant litigations.
Likewise, plaintiffs' attorneys are entitled to compensation for all time reasonably spent in pursuit of the results ultimately achieved. Brown v. Bathke, 588 F.2d 634 (8th Cir. 1978); Crain, supra. This Court need not make an artificial distribution of the attorneys' time between successful and unsuccessful claims, or between plaintiffs' claims and defendants' counterclaim. All these various issues are ultimately interrelated, and work on any issues necessarily benefits the resolution of the others.
Finally, this Court believes that plaintiffs' attorneys are entitled to compensation for work done by paralegals and interns on these cases. Sherrill v. J. P. Stevens & Co., Inc., 441 F.Supp. 846 (W.D. N.C.1977), aff'd 594 F.2d 858 (4th Cir. 1978); Phillips v. Moore, 441 F.Supp. 833 (W.D.N. C.1977); Francia v. White, 594 F.2d 778 (10th Cir. 1978); Comm. of Pennsylvania v. O'Neill, 431 F.Supp. 700 (E.D.Pa.1977). Were this work not done by paralegals and interns, the time of attorneys would have been necessary.
In light of these rulings, this Court thereby finds the reasonable number of hours expended by plaintiffs' attorneys to be as follows:[1] Carroll J. Donohue, three hundred twenty-five hours; Harry B. Wilson, two thousand two hundred fifty hours; Mark G. Arnold, three hundred hours; other attorneys, fifty hours; paralegals, one *218 hundred eighty hours; and interns, eighty hours. In addition to the actual time expended, this Court has considered the novelty and difficulty of the issues presented, the problems caused by opposing parties and counsel, and the complex factual investigation necessary to a proper presentation of the issues raised.
In light of the skill necessary to properly present these cases, the experience, reputation and ability of plaintiffs' attorneys, those attorneys' customary fees, awards in other cases and the length of time plaintiffs' attorneys have handled these cases, this Court finds a reasonable hourly fee for plaintiffs' attorneys to be as follows: Donohue, eighty-five dollars per hour; Wilson, forty-five dollars per hour; Arnold, forty-two dollars per hour; other attorneys, fifty dollars per hour; paralegals, twenty dollars per hour; and interns, twenty dollars per hour. Also weighing heavily in this determination is defendants' assent to these hourly rates.
This Court does not believe that an enhancement of this fee is called for in the instant case. Though an unusually large amount of time was necessarily spent, plaintiffs' attorneys are fully compensated for this factor by the large number of hours for which compensation will be awarded. No other factors are present in this case such that enhancement is called for.
Finally, plaintiffs' attorneys will be awarded thirteen thousand dollars to cover litigation expenses. These expenses include copying costs, travel expenses and various other expenses. This Court believes this amount was reasonably spent by plaintiffs' attorneys in these litigations. This figure, as was the figure for the time reasonably spent, is highly subjective. This conclusion was reached after considering numerous factors, including the actual expenses, the necessity of the expenses, and the reasonable cost for the services or goods purchased.
Plaintiffs' attorneys will therefore be awarded attorneys' fees of one hundred forty-nine thousand one hundred seventy-five dollars ($149,175.00), and litigation expenses of thirteen thousand dollars ($13,000.00).
NOTES
[1] In this area, the finding of a "reasonable" number of hours is necessarily highly subjective. This Court has therefore supplied rounded-off figures. Attempting to make a finding as accurate as tenths of hours, as plaintiffs' attorneys request, is both illogical and misleading in light of the highly subjective nature of this inquiry.