**H.A. DASLER, et al.**

v.

**E.F. HUTTON, et al.**

**Civ. No. 4–85–1250.**

United States District Court,
D. Minnesota,
Fourth Division.

Oct. 26, 1988.

Bruce C. Recher, Henson & Efron, Minneapolis, Minn., for plaintiffs.

J. David Jackson, Dorsey & Whitney, Minneapolis, Minn., for defendants.

---

**ORDER**

ROSENBAUM, District Judge.

This matter is before the Court on the motion of plaintiffs' counsel, the Henson & Efron law firm (Henson & Efron), for an award of attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1) [1] and 28 U.S.C. § 1920.[2] Defendant E.F. Hutton opposes such an award contending: first, Henson & Efron's request is untimely; second, even if the Court finds the attorneys' request timely, it should, in the exercise of its discretion, deny the application. Alternatively, if the Court allows an award of fees and costs, defendant asserts the requested amounts are unreasonable.

Based upon a review of the files, records, and proceedings herein, the Court grants Henson & Efron's motion in part and denies its request in part.

*Background*

A full recitation of the facts is unnecessary in this order. The nature of the case was set forth in some detail in the Court's orders of January 28, 1987, and March 31, 1988. Suffice it to say, this action was tried to a jury on the facts concerning plaintiffs' claim under § 10(b) of the Securities Exchange Act of 1934 (the Exchange Act), as amended, 15 U.S.C. § 78j(b), and Security Exchange Commission (SEC) Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5 (Count II), and to the Court with an advisory jury on the facts concerning plaintiffs' claim pursuant to § 409 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1109 (Count I).[3]

---

1. Section 1132, United States Code, Title 29 provides in relevant part that:

   (g)(1) In any action under this [subchapter] ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

   29 U.S.C. § 1132(g)(1).

2. Section 1920, United States Code, Title 28 provides in relevant part that:

   A judge ... may tax as costs ...
   (1) Fees of the clerk and marshal;
   (2) Fees of the court reporter ...;
   (3) Fees and disbursements for printing and witnesses;
   (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
   (5) Docket fees....

   28 U.S.C. § 1920.

3. In their amended complaint, dated May 29, 1984, plaintiffs alleged a further cause of action under § 10(b) of the Exchange Act—a violation of SEC Rule 10b-3 promulgated thereunder, as well as claims under § 15(c)(1) of the Exchange Act, 15 U.S.C. § 78(c), and SEC Rules 15c1-2 and 15c1-7 promulgated thereunder (Count II); § 17 of the Securities Act of 1933 (the 1933 Act),

After a two week trial, the jury rejected plaintiffs' claim pursuant to the Exchange Act and Rule 10b–5, but found, as an advisory jury, that there was a violation of ERISA. The Court was in accord and issued its order for judgment, findings of fact, and conclusions of law on March 31, 1988, finding defendant liable for breach of fiduciary duty under 29 U.S.C. § 1109.[4]

*Timeliness*

■ Henson & Efron filed its motion for attorneys' fees and costs under 29 U.S.C. § 1132(g)(1) on April 25, 1988—twenty-five days after the entry of judgment. Defendants suggest, first, Henson & Efron's request for fees and costs pursuant to § 1132(g)(1) is governed by Rule 59(e),[5] Fed.R.Civ.P.; and, second, since plaintiffs' counsel filed its motion more than ten days after entry of judgment, its request is untimely and must be denied. Henson & Efron denies its application for fees is governed by Rule 59(e), claiming the timeliness of its motion is governed by local procedural rules. This Court agrees.

In *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), the Supreme Court "held that a request for attorney's fees under 42 U.S.C. § 1988 is not a motion to alter or amend the judgment within the meaning of ... [Rule] 59(e), because it does not seek 'reconsideration of matters properly encompassed in a decision on the merits.'" *Budinich v. Becton Dickinson and Co.*, — U.S. —, 108 S.Ct.

1717, 1720, 100 L.Ed.2d 178 (1988) (quoting *White*, 455 U.S. at 451, 102 S.Ct. at 1166). The Supreme Court concluded "that 'a request for attorney's fees under § 1988 raises legal issues collateral to' and 'separate from the decision on the merits.'" *Budinich*, — U.S. at —, 108 S.Ct. at 1720 (quoting *White*, 455 U.S. at 451–52, 102 S.Ct. at 1166). In sum, "[s]uch a motion ... '"does not imply a change in the judgment, but merely seeks what is due because of the judgment."'" *Buchanan v. Stanship, Inc.*, — U.S. —, 108 S.Ct. 1130, 1131, 99 L.Ed.2d 289 (1988) (quoting *White*, 455 U.S. at 452, 102 S.Ct. at 1166 (quoting *Knighton v. Watkins*, 616 F.2d 795, 797 (5th Cir.1980))).

In recognizing the collateral character of the fee issue, the *White* court quoted with approval the position taken by the Eighth Circuit. *See White*, 455 U.S. at 452–53 n. 14, 102 S.Ct. at 1166–67 n. 14 (quoting *Obin v. District No. 9 of Intern. Ass'n, etc.*, 651 F.2d 574, 584 (8th Cir.1981)); *see also Budinich*, — U.S. at —, 108 S.Ct. at 1720.

[A] claim for attorney's fees should be treated as a matter collateral to and independent of the merits of the litigation. Accordingly, the timeliness of a claim for fees should be governed by procedural rules that reflect the collateral and independent nature of the claim rather than by rules, such as the ten-day provision of Rule 59(e), that relate to the merits of the action.

---

15 U.S.C. § 77q (Count III); the Minnesota Securities Act (Blue Sky), Minnesota Statutes, §§ 80A.01, 80A.03, and 80A.23, and Minnesota Regulation SDIV 2005(b) promulgated thereunder (Count IV); Minnesota common law—breach of fiduciary duty, negligence, and breach of contract (Counts V, VI, VII, and VIII). Finally, plaintiffs asserted a claim for punitive damages (Count IX).

On July 17, 1984, defendants moved to dismiss plaintiffs' amended complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Fed.R.Civ.P.). The Honorable Robert G. Renner, United States District Judge for the District of Minnesota, in his order of August 30, 1984, dismissed plaintiffs' federal claims brought under SEC Rules 10b–3, 15cl–2, 15cl–7, and the 1933 Act.

Later, defendants brought a motion for summary judgment before this Court pursuant to

Rule 56, Fed.R.Civ.P. This Court dismissed plaintiffs' Minnesota Blue Sky and common law claims in its order of January 28, 1987. Thus, plaintiffs' alleged causes of action were reduced to violations of § 10(b) of the Exchange Act and SEC Rule 10b–5 promulgated thereunder, and § 409 of the ERISA, 29 U.S.C. § 1109.

4. The Court denied plaintiffs' request for punitive damages; specifically, finding no evidence that defendants' acts were either malicious or in wanton disregard of the beneficiaries' rights under the plan.

5. Rule 59(e), Fed.R.Civ.P., provides that:

A motion to alter or amend the judgment shall be served not less than 10 days after entry of the judgment.

*Obin,* 651 F.2d at 583; *see also Gates v. Central States Teamsters Pension Fund,* 788 F.2d 1341, 1343 (8th Cir.1986).

Thus, "a motion for attorney's fees can be made after the time for filing a motion to amend judgment under [Rule] 59(e) has passed because the motion raises a 'collateral and independent claim.'" *Young v. Powell,* 729 F.2d 563, 566 (8th Cir.1984) (quoting *Obin,* 651 F.2d at 583); *see Lupo, et al. v. R. Rowland and Company,* 857 F.2d 482, 484–85, (8th Cir.1988). This Court can find "no rational basis for determining that a claim for attorneys' fees is collateral to and independent of the merits for some purposes but not for others." *United States v. Estridge,* 797 F.2d 1454, 1459 (8th Cir.1986).[6]

Plaintiffs' counsel filed its motion 25 days after entry of judgment. Local Rule 6 provides in relevant part that:

In any action in which attorneys' fees are recoverable, a motion for attorneys' fees must be delivered to the Clerk of Court within thirty days after the entry of judgment in the action ....

Henson & Efron's motion for fees and costs pursuant to 29 U.S.C. § 1132(g)(1), was, therefore, filed in a timely manner pursuant to Local Rule 6.

*ERISA Attorneys' Fees*

■ In any action under ERISA, "the court *in its discretion* may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1) (emphasis added). Thus, "[t]he decision whether to award attorneys' fees under ERISA is discretionary, not mandatory." *Lawrence v. Westerhaus,* 749 F.2d 494, 495 (8th Cir.1984); *see Fase v. Seafarers Welfare and Pension Plan,* 589 F.2d 112, 116 (2d Cir.1978).

*Exercising the Court's Discretion*

When considering an application for attorneys' fees, the Eighth Circuit has indicated that a court should consider the following factors:

(1) the degree of the offending parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal qeustion [sic] regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Lawrence v. Westerhaus,* 749 F.2d at 496 (citing *Iron Workers Local No. 272 v. Bowen,* 624 F.2d 1255, 1266 (5th Cir.1980)); *see also Hollenbeck v. Falstaff Brewing Corp.,* 605 F.Supp. 421, 437 (E.D.Mo.1984). No one of these factors is necessarily decisive, and some may not be appropriate in a given case. Nonetheless, together they form the nuclei of concerns this Court should address in applying § 1132(g)(1). *Iron Workers Local No. 272,* 624 F.2d at 1266. This Court is mindful, however, that proper consideration of these factors generally leads to the conclusion that a prevailing plaintiff " 'should ... recover an attorney's fee unless special circumstances render such an award unjust.'" *Landro v. Glendenning Motorways, Inc.,* 625 F.2d 1344, 1356 (8th Cir.1980) (quoting *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968)); *Schoenholtz v. Doniger,* 657 F.Supp. 899, 910 n. 5 (S.D.N.Y.1987); *Hollenbeck,* 605 F.Supp. at 437.

■ In consideration of these factors, the Court determines 1) defendant E.F. Hutton's violation of ERISA's fiduciary standard is clearly culpable conduct;[7] 2) E.F. Hutton has the capability of satisfying

---

**6.** The Court notes that the only apparent decision on whether a fee request under 29 U.S.C. § 1132(g)(1) of ERISA is sought by filing a motion pursuant to Rule 59(e), Fed.R.Civ.P., holds in the negative. In *Bittner v. Sadoff & Rudoy,* 728 F.2d 820 (7th Cir.1984), Judge Posner concluded that an attorneys' fee award under § 1132(g)(1) is not governed by Rule 59(e), Fed.R.Civ.P.

**7.** The absence of bad faith on the part of E.F. Hutton is not a "special circumstance" which would justify the denial of a fee to plaintiffs' counsel. *Landro,* 625 F.2d at 1356.

an award of fees and costs; 3) awarding attorneys' fees may encourage others to comply with ERISA;[8] 4) the damages awarded in this action are for the benefit of all participants of the Cornwall Clinic Profit Sharing Plan and their beneficiaries; and 5) concerning plaintiffs' ERISA claim, the relative merits of both parties' positions were decided in favor of plaintiffs. All things considered, the Court concludes plaintiffs' counsel is entitled to an award of reasonable attorneys' fees under 29 U.S.C. § 1132(g)(1).

### Reasonable Attorneys' Fees

■ "The most useful starting point for determining the amount of a reasonable fee is [to determine the lodestar,] the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). *See also Zoll v. Eastern Allamakee Community Sch. Dist.*, 588 F.2d 246 (8th Cir.1978). Plaintiffs' counsel seeks a lodestar fee in the sum of $107,956.75 for attorneys' fees incurred through the date of its post-trial motions.[9]

"The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.' "[10] *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1940 (quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974)). This factor is crucial where, as here, plaintiff succeeded on only some of his claims for relief.[11]

As a rule, "[t]he fee award should not compensate counsel for those hours expended in pursuit of unsuccessful claims 'distinct in all respects' from the successful claims." *Catlett v. Missouri Highway and Transp. Com'n*, 828 F.2d 1260, 1270 (8th Cir.1987) (quoting *Hensley*, 461 U.S. at 440, 103 S.Ct. at 1943). In the present case, all of plaintiffs' claims involved a "common core of fact" and "were based on related legal theories." *Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940. The Court recognizes that plaintiffs' claims "cannot be viewed as a series of discrete claims." *Id.* The Court will "focus on the ... overall relief obtained by plaintiff[s] in relation to the hours reasonably expended on the litigation."[12] *Id.* Where, as here, "plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable

---

**8.** "If defendant employers face the prospect of paying attorney's fees for successful plaintiffs, they will have added incentive to comply with ERISA." *Carpenters Southern California Administration Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir.1984).

**9.** Defendants have no objection to the hourly rates used and applied by plaintiffs' counsel. Defendants suggest, however, the lodestar is unreasonable or excessive because it contains 1) hours not devoted to plaintiffs' ERISA claim (80.875 hours), 2) duplicate hours (23.9 hours), and 3) unnecessary hours (99.9 hours)—hours spent by plaintiffs' counsel on unsuccessful legal theories. Defendants contend Henson & Efron's fee request should be reduced by $19,201.78.

**10.** The *Hensley* court noted that "[t]he district court may also consider other factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974) [the factors are: 1) the time and labor required, 2) the novelty and difficulty of the questions, 3) the skill requisite to perform the legal service properly, 4) the preclusion of employment by the attorney due to acceptance of the case, 5) the customary fee, 6) whether the fee is fixed or contingent, 7) time limitations imposed by the client or the circumstances, 8) the amount involved and the results obtained, 9) the experience, reputation and ability of the attorneys, 10) the undesirability of the case, 11) the nature and length of the professional relationships with the client, and 12) awards in similar cases] ....." *Hensley*, 461 U.S. at 434 n. 9, 103 S.Ct. at 1940 n. 9.

"[T]hese factors are appropriately considered in the context of an ERISA case." *Dependahl v. Falstaff Brewing Corp.*, 496 F.Supp. 215, 217 (E.D.Mo.1980), *aff'd*, 653 F.2d 1208, *cert. denied*, 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1981) (citing *Carter v. Montgomery Ward & Co.*, 76 F.R.D. 565 (E.D.Tenn.1977)).

**11.** *See supra*, n. 3 and n. 4.

**12.** The Court rejects "a mathematical approach comparing the total number of issues in the case with those actually prevailed upon .... Such a ratio provides little aid in determining what is a reasonable fee in light of all the relevant factors." *Hensley*, 461 U.S. at 435 n. 11, 103 S.Ct. 1940 n. 11.

hourly rate may be an excessive amount." *Hensley*, 461 U.S. at 436, 103 S.Ct. at 1941.

Where the hours expended are not easily allocable because the unsuccessful and successful claims were related, the Court may simply reduce the award in its discretion to account for the limited success. *Hensley*, 461 U.S. at 436–37, 440, 103 S.Ct. 1941, 1943. *See also Catlett*, 828 F.2d at 1270.

Where a plaintiff has won substantial relief, however, he "should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Hensley*, 461 U.S. at 440, 103 S.Ct. at 1943. In this action, plaintiffs' counsel recovered damages on behalf of all the plan participants in an amount which was approximately two-thirds of the total amount requested. This result was obtained in a subject matter area which demanded extensive efforts on the part of plaintiffs' counsel. The time expended in this case was significant. Balancing then plaintiffs' substantial, though not total, success and the Court's evaluation of counsel's "billing judgment," the Court finds it reasonable to award to Henson & Efron the sum of $86,365.40 for attorney's fees incurred through the date of its post-trial motions. *See Hensley*, 461 U.S. at 436, 103 S.Ct. at 1941.

■ Plaintiffs' counsel have also requested $8,783.00 for services performed in litigating the attorneys' fee motion presently before the Court. Henson & Efron is entitled to such compensation. *See Jones v. MacMillan Bloedel Containers, Inc.*, 685 F.2d 236, 239 (8th Cir.1982).

*Costs and Expert Witness Fees*

■ Plaintiffs' counsel have requested $16,021.00 for certain costs pursuant to 28 U.S.C. § 1920 and 29 U.S.C. § 1132(g)(1).[13] Included in the requested amount are amounts expended by the plan for filing fees, copying charges for documents filed with the Court and served on defendants' counsel such as memoranda and exhibits, and court reporter charges for deposition transcripts. Defendants have no objection

to these expenses—$2,859.00. Included in Henson & Efron's request, however, is $13,162.00 in expert witness fees. Defendants object to this portion of the request for costs.

Title 28, United States Code, § 1920, provides that "[a] judge ... may tax as costs" certain specified items including witness fees. Title 28, United States Code, § 1821(b) provides in relevant part that "[a] witness shall be paid an attendance fee of $30.00 per day for each day's attendance."

Plaintiffs' counsel suggests that § 1821's limitation of $30.00 per day does not apply to cases, such as this one, involving a fee shifting statute. The Court disagrees.

In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), the Supreme Court held:

> [A]bsent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920.

*Id.*, 482 U.S. at ——, 107 S.Ct. at 2499. In so holding, the Supreme Court reasoned that:

> Any argument that a federal court is empowered to exceed the limitation explicitly set out in §§ 1920 and 1821 without plain evidence of congressional intent to supersede that section ignores our long-standing practice of construing statutes *in pari materia*.

*Id.*

The Court notes that 29 U.S.C. § 1132(g)(1)[14] provides no such congressional intent. The Court will, therefore, allow only $30.00 per day for three days of court appearances, or $90.00 total for expert witness fees. *See Gilbert, et al. v. City of Little Rock, et al.*, Nos. 87–2028 and 87–2189, slip op. at 5–10 (8th Cir. Sept. 28, 1988).

Accordingly, IT IS ORDERED that:

---

**13.** *See supra,* n. 1 and n. 2.

**14.** *See supra,* n. 1.

The petition of the Henson & Efron law firm for an award of attorneys' fees and expenses is granted. Defendants must pay the Henson & Efron firm $98,097.40 for its fees and expenses.