# United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

|  |  |  |
|---|---|---|
| _____ | * | |
| | * | |
| No. 11-2130 | * | |
| _____ | * | |
| | * | |
| Little Rock School District, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| State of Arkansas; Arkansas | * | |
| Department of Education, | * | |
| | * | Appeals from the United States |
| Appellees. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| _____ | * | |
| | * | (PUBLISHED) |
| No. 11-2304 | * | |
| _____ | * | |
| | * | |
| Lorene Joshua; Leslie Joshua; Stacy | * | |
| Joshua; Wayne Joshua, | * | |
| | * | |
| Appellees, | * | |
| | * | |
| v. | * | |
| | * | |
| Pulaski County Special School | * | |
| District, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| Arkansas Department of Education, | * | |
| | * | |
| Appellee. | * | |

_____

No. 11-2305

_____

Alexa Armstrong; Karlos
Armstrong; Khayyam Davis; Alvin
Hudson; Tatia Hudson; Lorene
Joshua; Leslie Joshua; Stacy Joshua;
Wayne Joshua; Sara Matthews;
Derrick Miles; Janice Miles; John
M. Miles; NAACP; Brian Taylor;
Hilton Taylor; Parsha Taylor;
Robert Willingham; Donna Stone,
as class representative on behalf of
minor children, Denise, Dennis and
Danielle Stone; Dennis Stone,

          Appellees,

     v.

North Little Rock School District,

          Appellant,

Arkansas Department of Education,

          Appellee.

*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*

```
                                            *
                                            *
        _____                          *
                                            *
       No. 11-2336                          *
                                            *
        _____                          *
                                            *
North Little Rock Classroom                 *
Teachers Association; Pulaski               *
Association of Classroom Teachers;          *
Little Rock Classroom Teachers              *
Association; Pulaski Association of          *
Support Staff; Katherine Knight,            *
                                            *
            Appellants,                      *
                                            *
       v.                                    *
                                            *
State of Arkansas; Arkansas                  *
Department of Education,                      *
                                            *
            Appellees.                       *
```

_____

Submitted: February 22, 2012
Filed: March 26, 2012

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In our most recent encounter with the ongoing school desegregation process in the Little Rock, Arkansas metropolitan area, Pulaski County Special School District ("PCSSD") appealed the district court's partial denial of its petition for a declaration

of unitary status, opposed by appellee intervenors representing the class of black children harmed by segregation ("Joshua Intervenors"), while Little Rock School District ("LRSD") appealed the district court's decision to terminate certain funding obligations of the State of Arkansas through its Department of Education (collectively, "the State"). We affirmed the partial denial of PCSSD's petition for unitary status and vacated the portion of the order terminating the State's funding obligations due to the lack of notice and a hearing on that issue. *See Little Rock Sch. Dist. v. Arkansas*, 664 F.3d 738 (8th Cir. 2011). In the matter now before us, the Joshua Intervenors and LRSD each seek attorney's fees and costs associated with those appeals as prevailing parties under 42 U.S.C. § 1988 and 28 U.S.C. § 1920. For the reasons discussed below, we grant in part the motions for costs and attorney's fees, subject to certain modifications.

*I.    LRSD*

LRSD seeks attorney's fees for the two attorneys who prosecuted its appeal of the termination of state funding. According to LRSD's detailed affidavits, attorney Christopher Heller devoted 228.5 hours to the appeal. LRSD seeks compensation for those hours at Mr. Heller's typical billing rate of $300 per hour, although "it has long been [his] practice" to represent LRSD at a reduced rate and, in fact, he charged LRSD $200 per hour for his work in this case. In addition, attorney Clay Fendley devoted 151.3 hours to the appeal. LRSD seeks compensation for those hours at Mr. Fendley's typical billing rate of $160 per hour, although he customarily represents public entities at a reduced rate and, in fact, charged LRSD $120 per hour for his work in this case. Finally, LRSD also seeks $1,421.66 in copying costs, filing fees, and expenses associated with Mr. Heller's attendance at oral argument plus $152.50 in expenses associated with Mr. Fendley's attendance at oral argument. LRSD thus seeks $94,332 in total fees and costs.

In opposition, the State first contends that the award of attorney's fees should be reduced by a large percentage because LRSD achieved only partial or limited success. *See Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ("If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount."). The State suggests that LRSD prevailed only in a limited fashion on appeal because we held solely that funding from the State could not be terminated without notice and a formal hearing. *See Little Rock Sch. Dist.*, 664 F.3d at 758. We agree that some reduction is warranted because LRSD did not obtain its sought-after result, a holding on the merits that continued funding from the State is justified under current circumstances. Nevertheless, our stay and then vacatur of an order that would have eliminated about $38 million from LRSD's funding for the current school year is a significant result. We hold that a reduction of twenty-five percent from the product of hours reasonably expended on the litigation times a reasonable hourly rate is appropriate in these circumstances. *See Hensley*, 461 U.S. at 436.

In a related argument, the State contends that LRSD should not receive fees for billed hours attributable to arguing the merits of terminating the funding because we did not reach the merits. However, "[l]itigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." *Id.* at 435. Accordingly, we hold that no additional reduction on this ground is necessary.

The State next argues that the 380-hour total billed is excessive for this appeal and implies duplicative or unnecessary work. While it is a large total, we note that, in order to argue the merits of continued state funding, LRSD had to research and brief the State's history of performance of its desegregation obligations throughout this entire thirty-year case. Although we did not reach the merits in our opinion,

LRSD could not assume with certainty that we would not. Thus, we cannot say it was unreasonable for LRSD's attorneys to bill 380 hours of work for this appeal.

The State also contends in particular that the ten hours billed and $152.50 in expenses associated with Mr. Fendley's travel to attend oral argument are unreasonable because he did not present oral argument. We disagree. In a case of this complexity and magnitude, it was not unreasonable for LRSD to send two attorneys to attend oral argument.

In its penultimate challenge, the State notes that LRSD is attempting to recover fees for work associated with LRSD's motion in the district court for a stay pending appeal. We typically determine fees only for services rendered in this Court and allow the district court to determine the proper compensation for services rendered before it. *Avalon Cinema Corp. v. Thompson*, 689 F.2d 137, 138 (8th Cir. 1982) (en banc). Although the individual billing records are not entirely clear as to the number of hours attributable solely to the attempt to obtain a stay in the district court, it appears reasonable to delete six hours from Mr. Fendley's billing total and two hours from Mr. Heller's billing total as representing services not performed in this Court.

Finally, the State argues that LRSD should receive fees at the hourly rate actually charged by its attorneys, rather than at their nominal billing rate. LRSD counters, accurately, that we have in the past awarded fees at the full nominal billing rate despite the attorneys' reduced fee arrangement with LRSD. *See Little Rock Sch. Dist. v. Arkansas*, 127 F.3d 693, 697-98 (8th Cir. 1997). Neither the actual fee arrangement nor our past practice controls the award in this case, however. As the Supreme Court has explained:

> [Section 1988] contemplates reasonable compensation, in light of all of the circumstances, for the time and effort expended by the attorney for the prevailing plaintiff, no more and no less. Should a fee agreement

provide less than a reasonable fee calculated in this manner, the defendant should nevertheless be required to pay the higher amount.

*Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989). A reasonable hourly rate generally means "the ordinary fee 'for similar work in the community.'" *Avalon Cinema*, 689 F.2d at 140 (quoting *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974)).

LRSD's affidavits state that Mr. Heller's and Mr. Fendley's nominal rates are reasonable for the Little Rock area in light of their respective experience and the type of services rendered. The State does not challenge this representation, but instead attempts to characterize any award beyond the rates actually charged as an "enhanced" award, disfavored under *Perdue v. Kenny A. ex rel. Winn*, --- U.S. ---, 130 S. Ct. 1662 (2010):

> Section 1988 serves an important public purpose by making it possible for persons without means to bring suit to vindicate their rights. But unjustified enhancements that serve only to enrich attorneys are not consistent with the statute's aim. In many cases, attorney's fees awarded under § 1988 are not paid by the individuals responsible for the constitutional or statutory violations on which the judgment is based. Instead, the fees are paid in effect by state and local taxpayers, and because state and local governments have limited budgets, money that is used to pay attorney's fees is money that cannot be used for programs that provide vital public services.

*Id.* at 1676-77. However, *Perdue* makes clear that the "enhancement" at issue was an enhancement to the traditionally calculated reasonable fee, as distinguished from rates initially set in a fee agreement. *See id.* at 1675.

To be sure, it appears that LRSD's attorneys prosecuted this appeal at reduced hourly rates not to enable "persons without means to bring suit to vindicate their

rights," but rather under a longstanding client discount. Nevertheless, *Perdue* does not overturn the Supreme Court's earlier holding that, "[s]hould a fee agreement provide less than a reasonable fee . . ., the defendant should nevertheless be required to pay the higher amount." *Blanchard*, 489 U.S. at 93. Because the State does not directly challenge LRSD's affidavits as to the reasonableness of Mr. Heller's and Mr. Fendley's nominal rates for the Little Rock area in light of their respective experience and the type of services rendered, we award fees at their nominal hourly rates.

The resulting award to LRSD from the State is 226.5 hours billed by Mr. Heller at $300 per hour and 145.3 hours billed by Mr. Fendley at $160 per hour, for an intermediate total of $92,772.16, reduced by twenty-five percent to $68,398.50, plus $1,574.16 in costs, for an award amount of $69,972.66.

## II. *Joshua Intervenors*

The Joshua Intervenors claim prevailing party status against both PCSSD and the State. They seek attorney's fees for five attorneys and two paralegals in the amount of $69,632.50 attributable solely to opposing PCSSD's appeal, $95,087.50 attributable solely to appealing the termination of state funding, and $157,662.50 attributable to hours that cannot be divided between the two appeals ("common" hours), for a total of $322,382.50. The Joshua Intervenors also seek $3,050 in costs applicable to both appeals.[1]

As an initial matter, the Joshua Intervenors are not a "prevailing party" against the State. They filed no notice of appeal in this matter, much less one naming the State as an appellee. Instead, they merely participated as an appellee opposing the

---

[1]The Joshua Intervenors initially requested $366,582.50 in attorney's fees and $10,008.35 in costs but voluntarily reduced their request in response to PCSSD's and the State's oppositions. In addition, the initial request already incorporated a voluntary ten percent reduction in common hours.

-8-

appeals of PCSSD and North Little Rock School District.[2]  While the Joshua Intervenors addressed the issue of state funding in a footnote in their Appellee's Brief, this is insufficient to make them a prevailing *party*.  *See* 42 U.S.C. § 1988(b). Accordingly, we deny the request for $95,087.50 in attorney's fees attributable solely to the Joshua Intervenors' "appeal" of the termination of state funding, and we hold the State responsible for no part of the requested costs or fees for common hours.

With regard to attorney's fees requested from PCSSD, PCSSD first challenges the Joshua Intervenors' decision to hire new counsel for this appeal.  Although attorneys John Walker (whose office has represented the Joshua Intervenors in this matter since at least 1991) and Robert Pressman (who has represented the Joshua Intervenors in this matter periodically since at least 1997) handled the unitary status hearing in the district court, they aver that the scope and compressed schedule of this appeal made it necessary to associate with additional counsel, and they selected attorneys with the NAACP Legal Defense and Educational Fund, Inc. ("LDF") for that purpose.  The introduction of new counsel led to billing charges for coordination and familiarization with the case that PCSSD challenges as unreasonable.  In total, the Joshua Intervenors seek compensation from PCSSD for 656.35 combined hours from Mr. Walker, Mr. Pressman, the LDF attorneys, and two paralegals (comprising 218.05 hours attributable solely to PCSSD and 438.3 common hours).[3]

While 656 billable hours is an unusually high number for an appeal, we agree with the Joshua Intervenors that it is a reasonable number in light of the unusual circumstances of this case.  Given the compressed appeal schedule, the large number

---

[2]North Little Rock School District prevailed on its appeal, *see Little Rock Sch. Dist.*, 664 F.3d at 748, and the Joshua Intervenors seek no attorney's fees or costs associated with that appeal.

[3]We note that the hours totals are slightly less than the totals reported on the Joshua Intervenors' final summary table, Joshua Intervenors' Reply Br. at 35, apparently due to typographical or mathematical errors in the table.

of issues presented by PCSSD, *see Little Rock Sch. Dist.*, 664 F.3d at 748-57 (addressing nine areas appealed by PCSSD), PCSSD's novel legal theory for avoiding its desegregation obligations, and the necessity to review and draw upon a lengthy, complex record, it was reasonable to associate with additional attorneys, even if that entailed additional time for familiarization with the case and coordination. *See L.B. ex rel. A.J. v. Kierst*, 56 F.3d 849, 863 (8th Cir. 1995) ("The use of more than one attorney in multiple party litigation has been recognized by courts, including our own, as both desirable and common."). We note that although 656 hours is almost twice the number of hours requested by LRSD, LRSD's attorneys had to deal with a single issue rather than nine.

PCSSD next challenges the hourly billing rates requested for the LDF attorneys. As discussed above, a reasonable hourly rate generally means "the ordinary fee 'for similar work in the community.'" *Avalon Cinema*, 689 F.2d at 140 (quoting *Johnson*, 488 F.2d at 718). However, rates are not limited to those prevailing in a local community where those rates would not be "sufficient to attract experienced counsel" in a specialized legal field. *Casey v. City of Cabool*, 12 F.3d 799, 805 (8th Cir. 1993). In such a case, "[a] national market or a market for a particular legal specialization may provide the appropriate market." *Id.* (quoting *Hendrickson v. Branstad*, 740 F. Supp. 636, 642 (N.D. Iowa 1990), *rev'd in part on other grounds*, 934 F.2d 158 (8th Cir.1991)).

Here, the Joshua Intervenors request fees for LDF attorneys Elise Boddie, Damon Hewitt, and Rachel Kleinman at rates of $525 per hour, $450 per hour, and $350 per hour, respectively. The Joshua Intervenors do not aver that these hourly rates are ordinary for similar work in the Little Rock community, but instead contend that the national market exception (more specifically, the prevailing hourly rates in Washington, D.C. and New York) should apply in this case. The problem with the Joshua Intervenors' argument is that their own affidavits belie any notion that local community rates were not "sufficient to attract experienced counsel." *See Casey*, 12

F.3d at 805. In particular, the Joshua Intervenors' affidavits establish that their local counsel, Messrs. Walker and Pressman, are both experienced and lauded experts in the field of civil rights litigation. In light of the fact that Mr. Walker billed his time for this matter at $400 per hour and Mr. Pressman billed his time at $325 per hour (and the reasonableness of these rates has not been specifically challenged), it cannot be said that the claimed national market rates were required to attract experienced civil rights counsel.

Accordingly, we proceed to determine reasonable local rates for the LDF attorneys by comparing the information provided by the Joshua Intervenors regarding the LDF attorneys' experience to that of local counsel. Mr. Walker has practiced civil rights litigation in Little Rock and throughout Arkansas since 1966. His office has been intimately involved with the instant case, including responsibility for monitoring the implementation of the governing settlement agreement since 1991. He received the top award of the Southern Trial Lawyers Association in 2005. Mr. Pressman began his civil rights work in 1965 for the Civil Rights Division of the United States Department of Justice, working on school desegregation cases in Mississippi, Illinois, and Alabama, before spending twenty-five years with the Center for Law and Education, where he continued to serve as counsel in desegregation cases in Boston and Omaha, among other locations. He has been working with Mr. Walker on the instant case since at least 1997. The billing rates charged by Mr. Walker and Mr. Pressman thus represent those charged by the most senior and skillful attorneys in the local community.

By comparison, the Joshua Intervenors' affidavits state that Ms. Boddie has litigated complex affirmative action, employment, and school desegregation cases with LDF from 1999-2005. Before that, she served as a law clerk in the Southern District of New York and practiced litigation at a New York law firm, but no time frame or additional details are given for that work. She also has taught at New York

Law School. While clearly an accomplished civil rights attorney, Ms. Boddie's résumé does not yet compare with Mr. Walker's or Mr. Pressman's.

Similarly, the Joshua Intervenors' affidavits state that Mr. Hewitt began his career with LDF in 2001 after a clerkship in the Sixth Circuit and also has served as an adjunct law school professor. Fewer details are given of Ms. Kleinman's experience, but the Joshua Intervenors' reply brief suggests that she is equivalent, for billing purposes, to an associate with four-to-seven-years' experience. After weighing the LDF attorneys' résumés against those of local counsel, it appears that reasonable local rates for Ms. Boddie, Mr. Hewitt, and Ms. Kleinman in this matter are $275 per hour, $250 per hour, and $175 per hour, respectively. *See B & B Hardware, Inc. v. Fastenal Co.*, No. 4:10–cv–00317, 2011 WL 6829625, at \*9 (E.D. Ark. Dec. 16, 2011) (collecting recent cases in the Eastern District of Arkansas involving attorney's fee awards).

The resulting award to the Joshua Intervenors from PCSSD is 16.75 hours billed by Mr. Walker at $400 per hour, 90.3 hours billed by Mr. Pressman at $325 per hour, 18.7 hours billed by Ms. Boddie at $275 per hour, 251.5 hours billed by Mr. Hewitt at $250 per hour, 148.3 hours billed by Ms. Kleinman at $175 per hour, 130.8 hours billed by two paralegals at $125 per hour, and $3,050 in costs, for a total of $149,417.50.[4]

It is so ordered.

_____

---

[4]The reasonableness of the $125 claimed hourly rate for paralegal work is not challenged.