JAMES E. GRITZNER, Senior Judge
This matter comes before the Court on a Motion for an Award of Attorneys' Fees and Costs[1] filed by Plaintiffs. ECF No. 93. Defendants have filed objections. ECF No. 97. Neither party requested a hearing on the Motion, nor does the Court find a hearing is necessary. The matter is fully submitted and ready for disposition.
I. BACKGROUND
Plaintiffs filed this case on October 10, 2017, bringing claims under the First and Fourteenth Amendments. ECF No. 1. On Defendants' motion to dismiss for failure to state a claim, the Court disposed of Plaintiffs' Fourteenth Amendment equal protection claim. Animal Legal Def. Fund v. Reynolds, 297 F. Supp. 3d 901 (S.D. Iowa 2018). On January 9, 2019, the Court entered an order on the merits of the parties' cross-motions for summary judgment on the remaining claims, in which the Court granted Plaintiffs' Motion for Summary Judgment and denied Defendants' Motion for Summary Judgment. Animal Legal Def. Fund v. Reynolds, 353 F. Supp. 3d 812 (S.D. Iowa 2019). The Court found Iowa Code § 717A.3A failed to survive strict and intermediate scrutiny under the First Amendment and dismissed Plaintiffs' Fourteenth Amendment due process claim as moot.
On February 14, 2019, the Court entered an order declaring § 717A.3A facially unconstitutional and permanently enjoining further enforcement of the statute. ECF No. 86. Final Judgment was entered on February 15, 2019. ECF No. 87. On February 20, 2019, Defendants filed notice of appeal, ECF No. 88, which the Eighth Circuit Court of Appeals docketed on February 22, 2018, case number 19-1364.
On February 28, 2019, Plaintiffs filed the Motion for an Award of Attorneys' Fees.
*843 ECF No. 93. Defendants filed objections on March 13, 2019. ECF No. 97. Plaintiffs replied to Defendants' objections on March 18, 2019. ECF No. 100.
II. STANDARD FOR THE MOTION
Plaintiffs seek an award of attorney fees as prevailing parties pursuant to 42 U.S.C. § 1988, Federal Rule of Civil Procedure 54, and Local Rule 54A. There is no dispute that Plaintiffs are prevailing parties in this action. Lowry ex rel. Crow v. Watson Chapel Sch. Dist., 540 F.3d 752, 764-65 (8th Cir. 2008) (citing Riverside v. Rivera, 477 U.S. 561, 585, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986) ) (noting plaintiffs who obtained permanent injunction in First Amendment action were prevailing parties); see also Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ("A plaintiff must be a 'prevailing party' to recover an attorney's fee under § 1988.").
The starting point in calculating a reasonable fee award is to multiply the number of fair and reasonable hours billed by a reasonable billable hourly rate. Hensley, 461 U.S. at 433, 103 S.Ct. 1933. This "lodestar" calculation is regarded as reasonable compensation. Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010). A reasonable billable hourly rate is "usually the ordinary rate for similar work in the community where the case has been litigated." Emery v. Hunt, 272 F.3d 1042, 1048 (8th Cir. 2001) ; see also H.J. Inc. v. Flygt Corp., 925 F.2d 257, 260 (8th Cir. 1991) (same).
The Court is tasked with determining the relevant legal market for determining a reasonable rate. Blum v. Stenson, 465 U.S. 886, 895-96 n.11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). Upon a determination of the relevant market, the burden is typically on the party seeking compensation to satisfactorily demonstrate a prevailing rate for similar services in that market. Id. at 895-96 n.11, 104 S.Ct. 1541. "In a case where the plaintiff does not use local counsel, the district court is not limited to the local hourly rate, if the plaintiff has shown that, in spite of his diligent, good faith efforts, he was unable to find local counsel able and willing to take the case." Snider v. City of Cape Girardeau, 752 F.3d 1149, 1159-60 (8th Cir. 2014) (citing Emery, 272 F.3d at 1048 ). The district court has "flexibility" to "consider[ ] the prevailing rate in the market from which attorneys have traveled where the attorneys [a]re 'leaders in the field' with 'extensive experience,' 'able to handle the case in a shorter length of time than a local lawyer, without comparable experience, would have needed.' " Miller v. Dugan, 764 F.3d 826, 831 (8th Cir. 2014) (quoting Planned Parenthood, Sioux Falls Clinic v. Miller, 70 F.3d 517, 519 (8th Cir. 1995) (per curiam)). The Court has broad discretion to determine reasonable fees. See Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005).
III. DISCUSSION
Plaintiffs request fees for work on this case to date, including work on this motion. Defendants dispute the requested hourly rates for three of Plaintiffs' seven attorneys and the reasonableness of the number of hours billed for this motion. Defendants do not dispute Plaintiffs' request that a 25% enhancement be applied to the lodestar calculation of fees, nor do they dispute Plaintiffs' hourly rates requested as to the other four attorneys. Other than the dispute over the number of hours billed for this motion, the parties do not dispute the number of hours Plaintiffs billed.
A. Applicable Hourly Rates
For all hours worked prior to the instant motion, Plaintiffs request an unadjusted *844 total of $154,149.50 in fees for the work of seven attorneys.[2] Plaintiffs seek out-of-market rates for three attorneys and Des Moines rates for four attorneys:
Name Experience Hours Rate Unadjusted Market Total Matthew Strugar 14 years 168.4 $550 $92,620.00 Los Angeles-based rate Alan Chen 33 years 21.2 $650 $13,780.00 Denver-based rate Justin Marceau 14 years 27.8 $550 $15,290.00 Denver-based rate Rita Bettis Austen 8 years 41.7 $300 $12,510.00 Des Moines-based rate Kelsey Eberly 4 years 29.9 $230 $6,877.00 Des Moines-based rate Cristina Stella 7 years 29.5 $275 $8,112.50 Des Moines-based rate George Kimbrell 14 years 12.4 $400 $4,960.00 Des Moines-based rate Merits Totals 330.9 $154,149.50
Pls.' Br. Mot. Award Attys' Fees 15-16, ECF No. 93-1. Bettis Austen is the only practicing attorney of record in this case who is based in Des Moines. Although attorneys Eberly, Stella, and Kimbrell are not based in Des Moines,[3] they each request a billable hourly-rate based on the Des Moines market.
In support of the claimed fees, counsel have provided the Court with affidavits regarding each attorney's qualifications, their contributions to this case, the hourly rates they normally charge, and-where applicable-the reduced rates they are seeking here.[4] The record also contains additional affidavits and evidence regarding prevailing fees for like work in all markets at issue. Defendants do not object to fees requested for Bettis Austin, Eberly, Stella, and Kimbrell, and the Court does not find them excessive for attorneys of their experience, skill, and expertise for this area of practice in Des Moines.
Defendants do, however, object to the out-of-market rates sought by three of Plaintiffs' attorneys. To support the request, Plaintiffs argue Chen, Marceau, and Strugar each have specialized experience in First Amendment law related to undercover investigations and intentional false statements. Arguing the relevant legal market is Des Moines, Defendants challenge the fee claims for Chen, Marceau, and Strugar because their claimed rates *845 are equivalent to, or based on, out-of-market rates inapplicable in Des Moines. Defendants assert the rate of $300 per hour claimed by Bettis Austen should guide the Court to reduce the rates of Chen, Marceau, and Strugar to no more than $300-$400 per hour.
Defendants argue Bettis Austen's fee claim of $300 per hour contradicts "any notion that local community rates were not 'sufficient to attract experienced counsel.' " Defs.' Br. 4, ECF No. 97 (quoting Little Rock Sch. Dist. v. Arkansas, 674 F.3d 990, 997-98 (8th Cir. 2012) (per curiam)). They cite Bettis Austen's local experience in First Amendment litigation as proof Plaintiffs have failed to establish "the claimed national market rates were required to attract experienced civil rights counsel." Defs.' Br. 5, ECF No. 97 (quoting Little Rock Sch. Dist., 674 F.3d at 998 ). Plaintiffs argue Chen, Marceau, and Strugar "brought specialized expertise to this litigation that was not available in the Des Moines legal market or anywhere else." Pls. Reply Br. 3, ECF No. 100.
Neither the law, nor the record, prevent this Court from considering whether Chen, Marceau, and Strugar brought "extensive experience" to this case to warrant the requested out-of-market rates. In the Eighth Circuit, the district court has "flexibility" to "consider[ ] the prevailing rate in the market from which attorneys have traveled where the attorneys [a]re 'leaders in the field' with 'extensive experience,' 'able to handle the case in a shorter length of time than a local lawyer, without comparable experience, would have needed.' " Dugan, 764 F.3d at 831 (quoting Planned Parenthood, Sioux Falls Clinic, 70 F.3d at 519 ). The record shows that Bettis Austen had general First Amendment litigation experience prior to this case. Bettis Austen Decl. ¶¶ 9-10, 14, ECF No. 93-5. She did not, however, have experience challenging statutes similar to § 717A.3A. Further, the record shows Bettis Austen spent a good portion of her 42.8 hours spent on this case organizing parties and efforts, coordinating the Iowa-based Plaintiffs, and "working with [the] clients regarding their responses to discovery requests." Bettis Austen Decl. ¶ 4, ECF No. 93-5; see also id. at Ex. A. She documented relatively minimal time spent researching, drafting, or editing substantive portions of briefs as compared to out-of-market counsel. Compare Bettis Austen Decl. Ex. A, ECF No. 93-5, with Strugar Decl. Ex. B, ECF No. 93-2; Chen Decl. Ex. A, ECF No. 93-3; Marceau Decl. Ex. A, ECF No. 93-4. Therefore, it cannot be said that the presence of Bettis Austen on the legal team contradicts Plaintiffs' showing that out-of-market rates were necessary to attract experienced counsel.
The record shows that Chen, Marceau, and Strugar did bring extensive and specialized experience to this case. Chen and Marceau are professors and leading scholars on First Amendment law, including work specifically attuned to nuances in the law post-Alvarez. See Chen Decl. ¶¶ 8-9, ECF No. 93-3; Marceau Decl. ¶ 6, ECF No. 93-4; see also, e.g., Alan K. Chen & Justin Marceau, Developing A Taxonomy of Lies Under the First Amendment, 89 U. Colo. L. Rev. 655 (2018) ; Alan K. Chen & Justin Marceau, High Value Lies, Ugly Truths, and the First Amendment, 69 Vand. L. Rev. 1435 (2015). Strugar is the former Director of Litigation at the PETA Foundation and currently works as a solo practitioner with a focus on First Amendment litigation. Further, Chen, Marceau, and Strugar have been counsel in all known cases challenging state laws similar to Iowa Code § 717A.3A,[5] and were able to *846 spend fewer[6] hours on this action based on that experience. On the record, it is reasonable to conclude Chen, Marceau, and Strugar are leaders in their field and were able to bring specialized experience and efficiency to this action, ultimately leading to Plaintiffs' success.
Defendants cite this Court's decision in Gerlich v. Leath, No. 14-cv-00264-JEG (S.D. Iowa Mar. 21, 2018), ECF No. 94, for the proposition that where local counsel is very experienced with First Amendment litigation, the relevant legal market for awarded fees is the local market. Gerlich involved Iowa State University's trademark licensing decisions that violated the student- plaintiffs' rights to free speech under the First and Fourteenth Amendments. Gerlich v. Leath, 152 F. Supp. 3d 1152 (S.D. Iowa 2016), aff'd, 861 F.3d 697 (8th Cir. 2017). The plaintiffs prevailed and filed a motion for attorney fees. Gerlich, No. 14-cv-00264-JEG (S.D. Iowa Mar. 21, 2018), ECF No. 88. As in the present case, the plaintiffs requested out-of-market rates for three attorneys and in support of those fees, they filed declarations detailing the expertise of the attorneys brought to the case. The State filed its objections to the out-of-market rates. However, while the motion was pending, the parties notified the court that they were working on a resolution. The parties ultimately filed a joint stipulation to fees and costs and requested the Court's approval. Order, Gerlich, No. 14-cv-00264-JEG (S.D. Iowa Mar. 21, 2018), ECF No. 94. In performing that review, the Court reasoned that "even with th[e] essential conclusion" that the relevant legal market was Des Moines, certain counsel from Washington, D.C., who "came to the case with substantially extended experience specifically applicable to the case[,] ... would command a higher rate in that market, albeit somewhat lower than the amount in the claim." Id. at *4. Ultimately, the Court approved the stipulated fee amount without further reducing the amount agreed to by the parties.[7] Id. Therefore, although Gerlich is instructive in what the Court should consider in determining whether out-of-market rates are appropriate, that case alone does not support Defendants' efforts to reduce all rates to align with the local market.
Defendants also argue that in similar prior challenges in other courts, such as those brought in Idaho and Utah, Chen, Marceau, and Strugar did not seek out-of-market rates like they do here. Defendants argue the attorneys' increase in rates over such a short period-"an increase of between 25% to 80% over an approximate 3-year time period"-demonstrates the excessive *847 nature of Plaintiffs' current request.[8] Defs.' Br. 7, ECF No. 97. Plaintiffs counter that the rate increases account for additional years of experience and the fact that the expertise attorneys Chen, Marceau, and Strugar brought to this action was being developed in the Idaho and Utah cases. Plaintiffs also point out that local rates in Boise and Salt Lake City are in fact typically lower than in Des Moines, and-despite that-Chen, Marceau, and Strugar still sought "hourly rates between $440 and $475 in the Utah action."[9] Pls.' Reply Br. 5, ECF No. 100.
Based on the foregoing analysis, the Court finds that the relevant legal market for determining fees is Des Moines. Emery, 272 F.3d at 1048. While the Court finds Chen, Marceau, and Strugar brought specialized expertise to this action to support rates not solely determined by the Des Moines market, their levels of expertise do not support the requested rates. Prior to 2011, Strugar's[10] legal experience involved cases of police and government misconduct and the rights of persons with disabilities. With the exception of his work on the Idaho Ag-Gag case, Animal Legal Def. Fund v. Otter, 118 F. Supp. 3d 1195, 1200-09 (D. Idaho 2015), aff'd in part, rev'd in part sub nom. Animal Legal Def. Fund v. Wasden, 878 F.3d 1184 (9th Cir. 2018), Strugar's work for PETA involved First Amendment discrimination and consumer protection cases. While the record does support a finding that Strugar has experience in the area of litigation particular to this case, the Court does not find it so extensive or specialized as to justify the requested rate in the Des Moines market. See Miller, 764 F.3d at 831. Similarly, Chen and Marceau are tenured professors of law at the University of Denver Sturm College of Law, where they each have full-time responsibilities related to teaching and scholarship. Aside from their experience in the cases most similar to this one, their academic responsibilities are reflected in the roles they often play in litigation-they often serve as expert consultants, expert witnesses, and authors of amicus curiae briefs. While the Court recognizes their expertise, it cannot justify their requested fees in the Des Moines market. See id.
For the reasons provided, the rates for Strugar, Chen, and Marceau will be adjusted to account for the relevant market as follows: Matthew Strugar's rate will be decreased from $550/hour to $475/hour; Alan Chen's rate will be decreased from $650/hour to $500/hour; and Justin Marceau's rate will be decreased from $550/hour to $475/hour.
B. Time Spent on This Motion
For all hours worked on the instant motion, Plaintiffs request $10,142.50 in fees for the initial motion, ECF No. 93, and $2,955.00 for the reply, ECF No. 100. Plaintiffs' requested hours and rates are provided below.
*848 Name Experience Hours Rate Unadjusted Market Total Matthew Strugar 14 years 16.2 $550 $8,910.00 Los Angeles-based rate Matthew Strugar (Reply) 14 years 4.9 $550 $2,695.00 Los Angeles-based rate Alan Chen 33 years 1.0 $650 $650.00 Denver-based rate Alan Chen (Reply) 33 years 0.4 $650 $260.00 Denver-based rate Rita Bettis Austen 8 years 1.1 $300 $330.00 Des Moines-based rate Kelsey Eberly 4 years 0.5 $230 $115.00 Des Moines-based rate Cristina Stella 7 years 0.5 $275 $137.50 Des Moines-based rate Fees Totals 24.6 $13,097.50
Strugar Decl. ¶¶ 19-20, ECF No. 93-2; Strugar Reply Decl. ¶ 5, ECF No. 100-1.
"Time spent preparing fee applications is generally compensable," but must not be excessive for the work completed. El-Tabech v. Clarke, 616 F.3d 834, 843 (8th Cir. 2010) (finding excessive 77.7 hours spent on the reply brief in support of the original motion for fees). Here, Plaintiffs request fees for 24.6 total hours of work on this motion. Strugar Decl. ¶¶ 19-20, ECF No. 93-2; Strugar Reply Decl. ¶ 5, ECF No. 100-1. Defendants object as to the hours worked by Strugar on the initial motion, requesting a 6-hour reduction of his 16.2 hours recorded, based on the similarities between declarations filed in the Utah and Idaho cases and those filed in this case. While Strugar admits the declarations are similar, he argues he billed little time to the declarations in this action. Pls.' Reply Br. 6, ECF No. 100 (stating he "billed three-tenths of an hour reviewing the Chen, Marceau, and Zansberg declarations and 1.8 hours preparing his own declaration," and that the time "spent on his own declaration was largely a result of research related to Des Moines legal rates that could not have been copied" from previous declarations). The record supports Strugar's description of his billing, Strugar Decl. Ex. B, ECF No. 93-2; and Defendants do not adequately explain why a 6-hour reduction is appropriate. Therefore, Plaintiffs are due for all time billed in preparing the fee application at the now reduced rates.
IV. CONCLUSION
Accordingly, we make the following award of fees and direct the Clerk of Court to enter Judgment in favor of Plaintiffs and against Defendants for fees to the prevailing parties in the amount of $181,623.13.
*849 Name Hours Rate Unadjusted Total Enhancement Adjusted Total Matthew Strugar 168.4 $475 $79,990.00 Alan Chen 21.2 $500 $10,600.00 Justin Marceau 27.8 $475 $13,205.00 Rita Bettis Austen 41.7 $300 $12,510.00 Kelsey Eberly 29.9 $230 $6,877.00 Cristina Stella 29.5 $275 $8,112.50 George Kimbrell 12.4 $400 $4,960.00 Merits Totals 330.9 $136,254.50 1.25 $170,318.13 Name Hours Rate Total Matthew Strugar 16.2 $475 $7,695.00 Matthew Strugar (Reply) 4.9 $475 $2,327.50 Alan Chen 1.0 $500 $500.00 Alan Chen (Reply) 0.4 $500 $200.00 Rita Bettis Austen 1.1 $300 $330.00 Kelsey Eberly 0.5 $230 $115.00 Cristina Stella 0.5 $275 $137.50 Fees Totals 24.6 $11,305.00
IT IS SO ORDERED.

Plaintiffs separately filed a bill of costs, which has already been taxed against Defendants, see ECF No. 99.

Plaintiffs relate they have written off billable time spent by four of the attorneys of record in this case: Matthew Liebman of the Animal Legal Defense Fund, David Muraskin and Leslie Brueckner of Public Justice, and Paige Tomaselli, formerly of the Center for Food Safety. Strugar Decl. ¶ 11, ECF No. 93-2. They have also written off time spent on this matter by Jeff Kerr, General Counsel to the PETA Foundation, Jared Goodman, Director of Animal Law at the PETA Foundation, and Gabe Walters, Litigation Counsel at the PETA Foundation. Id. ¶ 12.

Attorney Eberly is a Staff Attorney at the Animal Legal Defense Fund (ALDF), which is based in Cotati, California. Eberly Decl. ¶ 1, ECF No. 93-7. Attorney Stella is Senior Staff Attorney at the ALDF, which is based in Cotati, California. Stella Decl. ¶ 1, ECF No. 93-6. Attorney Kimbrell is Legal Director for Plaintiff Center for Food Safety (CFS), which is based in Portland, Oregon. Kimbrell Decl. ¶ 3, ECF No. 93-8.

Strugar's rate for work in the Central District of California and the Los Angeles and Orange County Superior Courts is $675 per hour. Strugar Decl. ¶ 15, ECF No. 93-2. For his work in this case he seeks $550 per hour, which he believes is a reasonable blended rate between his rate in Los Angeles and what he could charge in Des Moines. Id. ¶ 16.

According to Plaintiffs, that includes the challenge to Utah Code § 76-6-112 in Animal Legal Def. Fund v. Herbert, 263 F. Supp. 3d 1193 (D. Utah 2017), the challenge to Idaho Code § 18-7042 in Animal Legal Def. Fund v. Wasden, 878 F.3d 1184 (9th Cir. 2018), the challenge to North Carolina General Statutes § 99A-2 in PETA, Inc. v. Stein, 737 F. App'x 122 (4th Cir. 2018), and the recently-filed challenge to section 47-1827 of the Kansas Statutes in Animal Legal Def. Fund v. Colyer, No. 2:18-cv-02657 (D. Kan.). Plaintiffs note that Attorney Chen was not named counsel on Stein, but that he consulted with the legal team and submitted an amicus curiae brief in the Fourth Circuit.

That is, "in this action Plaintiffs' counsel incurred less than 40% of the hours incurred in the Utah and Idaho cases" at the same stage of litigation. Pls.' Br. 13, ECF No. 93-1.

Plaintiffs point out that the prevailing party in Gerlich originally sought rates ranging from $440 to $692 per hour for attorneys with experience between 14 and 35 years. Pls.' Reply Br. 5, ECF No. 100. While this is a correct recitation of the rates requested in Gerlich prior to the stipulation, see Motion for Fees, Gerlich, No. 14-cv-00264-JEG (S.D. Iowa Mar. 21, 2018), ECF No. 88, the Court cannot go so far as to confirm whether the parties applied those exact rates to reach the stipulated fees amount.

Defendants admit, however, that Attorney Strugar is likely entitled to a higher rate based on his change in employment from the public sector to the private sector.

Plaintiffs note that the fees amount in the Utah action was eventually resolved in a settlement with the State.

To their resistance to Plaintiffs' Motion for Attorney Fees, ECF No. 97-2, Defendants attached Strugar's November 2015 declaration, Exhibit B-1 which was submitted in support of Strugar's attorney fees request in Animal Legal Defense Fund v. Otter, No. 1:14-cv-00104-BLW (D. Idaho), ECF No. 17-2. The Court refers to Strugar's November 2015 declaration to the extent it provides more specificity regarding Strugar's legal experience.